**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DESIREE JEFFERY,**

     **Plaintiff,**

**v.**                                **Case No.: 8:17-cv-1361-T-27AAS**

**EASTERN ASSET SERVICES, LLC,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Desiree Jeffery moves for default judgment against Eastern Asset Services, LLC ("Eastern"), pursuant to Federal Rule of Civil Procedure 55(b) and Middle District of Florida Local Rule 1.07(b). (Doc. 20). In addition, Ms. Jeffery seeks an award of attorneys' fees and costs. (*Id.* at p. 9). Ms. Jeffery's motion was referred to the undersigned to issue a report and recommendation. (Doc. 22). For the reasons stated herein, the undersigned recommends Ms. Jeffery's motion be **GRANTED in part and DENIED in part**.

## I.    BACKGROUND

On June 9, 2017, Ms. Jeffery filed her complaint against Eastern for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA"). (Doc. 1). Specifically, Ms. Jeffery alleges Eastern, a debt collector, continued to call her cellular telephone after she expressly stated she did consent to receive the calls. (*Id.*; Doc.

1

20–1).  On July 21, 2017, Eastern filed its answer and affirmative defenses.  (Doc. 9).

Thereafter, Eastern's counsel filed a motion to withdraw from representation, which was granted on April 9, 2018.  (Docs. 15, 16).  In the order granting the motion to withdraw, Eastern, a corporate entity, was directed to obtain counsel by June 30, 2018.  (Doc. 18).  Otherwise, the court warned, it would "entertain[] a motion for default for failure to defend pursuant to Rule 55 of the Federal Rules of Civil Procedure."  (*Id.*).  Eastern failed to obtain counsel.  Thus, Ms. Jeffery moved for entry of clerk's default against Eastern, which was subsequently granted and Eastern's answer was stricken.  (Docs. 17, 18, 23).  Ms. Jeffery now seeks entry of a final default judgment against Eastern, awarding Ms. Jeffery statutory damages under the TCPA, FDCPA, and FCCPA, and attorneys' fees and costs incurred in this action.  (Doc. 20).

## II.   DISCUSSION

### A.   Motion for Default Judgment

A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered.  Fed. R. Civ. P. 55(b)(2); *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted).  Complaints need not contain detailed factual allegations, but there must be "more than an unadorned, the defendant-unlawfully

2

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Likewise, a court may award damages pursuant to a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal citations omitted). In addition to the pleadings, a court may consider evidence presented in the form of an affidavit or declaration. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Adolph Coors Co.*, 777 F.2d at 1543 (internal citation omitted).

### 1.    TCPA

The TCPA makes it unlawful to place non-emergency telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice without first obtaining the recipient's express consent. 47 U.S.C. § 227(b)(1)(A)(iii). It is the caller's burden to prove it had prior express consent to place the calls. FCC Declaratory Ruling, FCC 07–232, ¶ 10 (Dec. 28, 2007). The TCPA provides for statutory damages of $500.00 per violation. 47 U.S.C. § 227(b)(3)(B).

Ms. Jeffery's well-pleaded allegations—which Eastern has admitted due to the striking of its answer and clerk's default—demonstrate Eastern placed numerous calls to Ms. Jeffery to collect a debt. (Doc. 1, pp. 3–4). Ms. Jeffery made these calls using an automatic telephone dialing system and an artificial or prerecorded voice. (*Id.* at p. 4).

Ms. Jeffery's motion for default judgment attaches a T-Mobile cellular call log

3

evidencing that Eastern placed a total of thirty-two calls to Ms. Jeffery's cellular phone after she notified Eastern it did not have Ms. Jeffrey's consent to make the calls. (Doc. 31–2). Given that Eastern defaulted, it has not proven it had Ms. Jeffery's expressed consent to place these calls. Therefore, the undersigned recommends an award of $16,000.00 in statutory damages for thirty-two violations of the TCPA.

Ms. Jeffery argues the court should exercise its discretion to increase her TCPA damages from $500.00 per violation, to $1,500.00 per violation in treble damages. To be awarded treble damages, a plaintiff must prove that the defendant willfully or knowingly performed the conduct that violated the statute. 47 U.S.C. § 227(b)(3)(C); *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015). The allegations supporting Ms. Jeffery's claim for treble damages, however, are legal in nature and need not be accepted as true. *See Castro v. Capital One Servs., LLC*, No. 8:16-CV-889-T-17TGW, 2017 WL 4776973, at *4 (M.D. Fla. Aug. 3, 2017) (citation omitted). The record in this case does not adequately support finding Eastern acted willfully or knowingly. "In similar situations, when liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages." *Id.* Accordingly, the undersigned recommends an award of no more than $500.00 per TCPA violation.

## 2.    FDCPA

The FDCPA prohibits abusive, deceptive, and unfair practices by debt collectors. *See* 15 U.S.C. § 1692. The complaint's allegations support a violation of the FDCPA because Eastern continued to call Ms. Jeffery after being told it did not

have Ms. Jeffrey's consent.  (Doc. 1, p. 4; Doc. 20–1).  Ms. Jeffery requests statutory damages in the amount of $1,000.00.  The court, in its discretion, may reduce this amount.  *See* 15 U.S.C. § 1692k (providing that a debt collector who fails to comply with [the FDCPA] is liable for any actual damages and "such additional damages as the court may allow, but not exceeding $1,000.00.").

The undersigned recommends awarding $10.00 in statutory damages per FDCPA violation, because Ms. Jeffery is already receiving $16,000.00 in statutory damages under the TCPA for the same conduct.  *See Ris v. ICollect.com, Corp.*, No. 8:16-CV-2414-T-30AAS, 2017 WL 2620545, at *2 (M.D. Fla. June 16, 2017) (reducing the award of statutory damages under the FDCPA and FCCPA to $10.00 and finding this amount reasonable given the plaintiff's recovery under the TCPA).  Thus, the undersigned recommends awarding $320.00 in statutory damages for thirty-two violations of the FDCPA.

### 3. FCCPA

The FCCPA is modeled after the FDCPA and prohibits similar conduct by debt collectors.  *Id.*  Ms. Jeffery's complaint establishes that Eastern violated the FCCPA. (Doc. 1, p. 4; Doc. 20–1).  Like the FDCPA, the FCCPA provides for actual damages, additional statutory damages "as the court may allow" of up to $1,000.00, reasonable attorney's fees, and costs.  Fla. Stat. § 559.77(2).  Ms. Jeffery requests statutory damages in the amount of $1,000.00.  The undersigned recommends reducing this amount to $10.00 per call for the reasons stated above and awarding $320.00 in statutory damages for thirty-two violations of the FCCPA.

5

**B.      Request for Attorneys' Fees and Costs**

When a party makes a claim for fees, it is the party's burden to establish entitlement and document the appropriate hours and hourly rate. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Here, Ms. Jeffery has neither established entitlement nor provided any documentation supporting her request for attorneys' fees or costs. Therefore, the undersigned recommends Ms. Jeffery be directed to file the appropriate papers supporting her request.

## III.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that:

1.      Ms. Jeffery's Motion for Default Judgment (Doc. 20) be **GRANTED IN PART AND DENIED IN PART**.

2.      Ms. Jeffery be awarded a total of $16,640.00 in statutory damages under the TCPA, the FDCPA, and the FCCPA.

3.      The Clerk be directed to enter a final judgment in favor of Ms. Jeffery and against Eastern in the amount of $16,640.00, which shall accrue post-judgment interest at the statutory rate until paid in full.

4.      The Court direct Ms. Jeffery to file the appropriate papers establishing entitlement to attorney's fees and costs as well as documentation supporting the requested award. Otherwise, Ms. Jeffery's request for attorneys' fees and costs be denied.

**ENTERED** in Tampa, Florida on this 26th day of July, 2018.


AMANDA ARNOLD SANSONE
United States Magistrate Judge




## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).


Copies to:

Eastern Asset Services LLC
c/o Dominic Zirpola, President
1177 Park Avenue, Suite 5
PMB 151
Orange Park, FL 32073